IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

```
GEORGE GOFF,                      )
                                  )
          Plaintiff,              )
                                  )
ALLEN LANGLEY and                 )
TIM THOMPSON, Class               )
Representatives,                  )
                                  )    NO. 4:90-cv-30365
          Plaintiffs,             )
                                  )    REPORT AND RECOMMENDATION
   vs.                            )    ON APPLICATION FOR
                                  )    PRELIMINARY INJUNCTION
CHARLES HARPER; RONALD WELDER;)
JOHN HENRY; GERARDO ACEVEDO;      )
                                  )
          Defendants.             )
------------------------------)
GARY FRAZER, RICHARD DODD,        )
EURIC R. FOUNTAIN, CHESTER        )
GREENUP, GLEN HUDSON, JIMMY       )
CLOYED, CHRIS OLTMAN, CHRIS       )
SCHULTE, DANIEL HAWTHORNE,        )
CURTIS TELSROW, JOSHUA SMITH,     )
ERIC MILLER, ANTHONY LANG,        )
JASON GRONSTAL, IRVING JONES,     )
ROBERT J. CONNER, STEVEN RAY      )
WYCOFF, ERIC MEL THOMPSON,        )
                                  )
          Movants.                )
```

The above resisted application [504] is before the Court. Eric Thompson and Steven Wycoff, inmates at the Iowa State Penitentiary ("ISP"), have filed a *pro se* Application for Preliminary Injunction with respect to conditions of confinement in Cellhouse 319 at ISP. That cellhouse houses inmates serving disciplinary detention or who are in administrative segregation. Movants contend the conditions in Cellhouse 319 are such that they violate the Eighth Amendment prohibition on cruel and unusual

punishments. Movants attach to their motion handwritten statements from a number of inmates who are in, or have been in, Cellhouse 319. They ask for a preliminary injunction closing Cellhouse 319 as a segregation unit. Defendants resist, attaching to their resistance the affidavit of Darrell Moeller, the unit manager of Cellhouse 319. Moeller refutes each of movants' contentions about the conditions in Cellhouse 319 and concludes with the opinion that it is "clean and healthy."

There is a procedural difficulty with movants' request for preliminary injunction. They have filed it in a closed case, indeed in a case in which the Court twice before rejected Eighth Amendment challenges to the conditions of confinement in Cellhouse 319. In a recent Report and Recommendation [506] I recommended that a Rule 60(b)(6) motion filed by Eric Thompson in this case seeking to reopen the case with respect to the conditions of confinement in Cellhouse 319 be rejected for a number of reasons. That Report and Recommendation is incorporated herein by reference. As the Report and Recommendation indicates, any challenge to the conditions in Cellhouse 319 as they currently exist must be the subject of an independent action. The present application relates to the Rule 60(b)(6) motion to reopen. If that motion is rejected, this one must be also.

While the substance of the preliminary injunction is not presently before the Court, it bears note that, according to

defendants, movants are not housed in Cellhouse 319. Mr. Thompson has not been in Cellhouse 319 since December 2007 and Mr. Wycoff has been housed in a different cellhouse since April 30, 2009. Apart from standing, as movants are not housed in Cellhouse 319, and whether they would be again is largely dependent on their own conduct, it is unlikely they could make the required showing that they are under the threat of irreparable harm from the conditions in the cellhouse. *See General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312,  320 (8th Cir. 2009); *Lankford v. Sherman*, 451 F.3d 496, 503-04 (8th Cir. 2006)(both citing *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

For the reasons indicated, the undersigned **RECOMMENDS** that movants' application for preliminary injunction be denied without prejudice.

IT IS ORDERED that the parties have until **August 27, 2009** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of

fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 3d day of August, 2009.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE