IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GEORGE GOFF, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>JOHN MATHIS; KEN BURGER; and JOHN AULT,<br><br>　　　　　Defendants. | No. 4:90-cv-30365 REL<br><br>ORDER |

Before the Court is Steven Wycoff's most recent motion for temporary restraining order. Wycoff asserts that Defendants have confiscated all of his legal material on this case and from two other pending cases. See Wycoff v. Dursky, No. 4:07-cv-361 JEG and Wycoff v. Baldwin, No. 4:09-cv-529 RP. Wycoff states Defendants also removed all paper and envelopes. Wycoff contends that he needs these materials in order to proceed with his federal cases.

Where the adverse party does not have notice of the motion, a court may issue a temporary restraining order only if: "**(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (**B**) the movant [] certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Wycoff does not submit an affidavit which shows he will suffer immediate or irreparable harm. Neither has he shown why defendants should not be allowed to answer. The Court concludes that Wycoff has failed to meet the threshold requirements for the issuance of a temporary restraining order under 65(b)(1).

The Court notes that Wycoff's interests are being addressed in <u>Wycoff v. Dursky</u>, No. 4:07-cv-361 by Judge Gritzner.  Further consideration of the identical motion requesting the same relief would be duplicative.

Plaintiff's Motion for Temporary Restraining Order [Doc. #546] is denied.

IT IS SO ORDERED

Dated this 26th day of March, 2010.

_____
RONALD E. LONGSTAFF, Senior Judge
United States District Court