IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GEORGE GOFF, et al,, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES HARPER, et al, <br><br> Defendants. | No. 4:90-cv-30365-REL <br><br><br> **ORDER** |

Pending before the Court are a number of motions filed in this 1990 case.   The case was resolved long ago.   The original action evaluated the disciplinary system at the Iowa State Penitentiary, conditions of confinement at ISP, conditions of confinement in administrative segregation and disciplinary detention, and mental health care for inmates then being held in ISP's lock-up units.  In June 1997, the Court found that four constitutional violations existed and directed the defendants to develop a plan to remedy the violations.   In August 1999, a Plan was approved by this Court.

In June 2003, Plaintiffs filed a "Motion to Re-Open," claiming the Defendants were not in compliance with the Plan.  In January 2004, Plaintiffs withdrew their motion after being given a tour of the special needs facilities.   Nothing was filed in this case until five years later, when plaintiffs filed Motions to Re-Open this case.  On July 31, 2009, Magistrate Judge Ross Walters filed a detailed Report and Recommendation, recommending that the motions be denied.  In his Report and Recommendation he stated that "Movants do not ask the Court to submit additional

proof on matters under consideration by the Court, but to reopen to present proof on new claims long after the original claims have been decided." He therefore recommended that the Motions to Re-Open be denied. Plaintiffs filed no objections to the Report and Recommendation, and this Court adopted the Report and Recommendation in whole on September 2, 2009..

In his Report and Recommendation, Judge Walters found that the March 21, 2003, order closing the case stated that the Court retained jurisdiction to "enforce such orders and decrees as remain in effect." The order stated that the only order remaining in effect is the order approving the Plan and requiring defendants to place the Plan into effect. He stated that the "Court can enforce this order by a sanction of contempt." Order, 12.

On October 15, 2009, Plaintiffs filed a "Motion for Order of Contempt" (Clerk's No. 514) followed by a second Motion for Contempt(Clerk's No. 518), and two additional Motions for Contempt (Clerk's Nos. 520 and 524). Plaintiffs request appointment of counsel (Clerk's Nos. 521 and 523), request temporary relief (Clerk's Nos. 519, 527), request a hearing (Clerk's No. 525) and request records from the Department of Corrections (Clerk's No. 526). Defendants have filed Resistances to the Motions.

In his Report and Recommendation, Judge Walters specifically rejected consideration of Plaintiffs' allegations that the current conditions in cellblock s 219 and 319 at the Iowa State Penitentiary was violative of the Plan. He found, for example, that "[t]he ultimate issue in all of this, whether conditions in GP I are so restrictive that confinement in that status for a lengthy period of time...goes considerably beyond anything the Court decided in its prior orders." The request for relief, considered as a motion to re-open or a motion for contempt, therefore was denied. Plaintiffs did not appeal the denial of that motion. In addition, Judge Walters denied

the request for preliminary relief, noting that for the reasons set forth in his report and recommendation "any challenge to the conditions in Cellhouse 319 as they currently exist must be the subject of a separate action." Order 8/03/09, 2.

Plaintiffs now seek to re-argue this issue in their new Motion for Contempt. In addition, Plaintiff Wycoff alleges Defendants are retaliating against him for pursuing legal actions, and asks for temporary injunctions. He asks that the defendants be ordered to stop harassing and retaliating against him. He states that ALJ Gager is issuing disciplinary reports against him that are violations of his fundamental due process rights because Gager is clearly impartial.

Defendants deny the alleged constitutional violations and assert that a motion for Contempt is not the appropriate means to raise these challenges. The Court has reviewed all the pleadings filed by Plaintiffs and the responses to the Motions filed by the Defendants. Essentially, Plaintiffs are re-asserting claims similar to those that were dismissed by this case one month prior to the filing of the first motion now pending before this Court. Plaintiff does attempt to raise additional claims related to conditions within the prison, but none are appropriately raised as Motions for Contempt for all the reasons set forth in Judge Walters' Report and Recommendation and in the Defendants Responses to the Motions. As Judge Walters found, "It would not..be an appropriate use of discretion to -re-open this long-dormant case to litigate additional claims or generally survey defendants' compliance with the Plan."

Plaintiffs have failed to raise a basis for re-opening this case, and fail to raise a colorable claim of contempt. Their requests for relief therefore are denied. If any defendant believes his constitutional rights are being violated within the prison, a new action pursuant to 42 U.S.C. §

1983 is available as a means of redress.   Any claim that Plaintiff has been retaliated against for filing these legal actions could be raised in such a forum.  Any challenges to disciplinary proceedings, if they have resulted in the loss of good time, would need to proceed as a habeas action.  All pending motions are **denied**.

**IT IS SO ORDERED**.

Dated this _1st_ day of September, 2010.

RONALD E. LONGSTAFF, Senior Judge
United States District Court

4