IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GEORGE GOFF, et al, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES HARPER, et al, <br><br> Defendants. | No. 4:90-cv-30365-REL <br><br><br> **ORDER** |

Pending before the Court is a "Motion for Temporary Restraining Order and a Permanent Injunction," filed by Jack Hays in this 1990 case. ECF No. 550. Hays, who was not a plaintiff in this case, asks that the Court enter a temporary restraining order "for the defendants to provide the necessary materials to file and serve legal documents, to follow the order and subsequent plan of the 7/05/97 order." He requests a hearing.

In support of his request for relief, Hays states that he is being denied an individual mental health treatment plan and that the defendants are only supplying him two stamped envelopes per week, so his ability to litigate is compromised. He states that many of the mentally ill inmates housed in the Critical Care Unit of the Iowa State Penitentiary are segregated, denied outdoor exercise and denied proper health care. He alleges that administrative segregation conditions are similar to lock up status, no medical confidentiality exists, and that staff harass and retaliate against inmates for complaining about mental health care.

Hays raises claims similar to some of those raised by the parties in this case, but this case was resolved long ago.   The original action evaluated the disciplinary system at the Iowa State Penitentiary, conditions of confinement at ISP, conditions of confinement in administrative segregation and disciplinary detention, and mental health care for inmates then being held in ISP's lock-up units.  In June 1997, the Court found that four constitutional violations existed and directed the defendants to develop a plan to remedy the violations.   In August 1999, a Plan was approved by this Court.

In June 2003, other inmates  filed a "Motion to Re-Open," claiming the Defendants were not in compliance with the Plan.  In January 2004, Plaintiffs withdrew their motion after being given a tour of the special needs facilities.  Five years later inmates  filed Motions to Re-Open this case.  On July 31, 2009, Magistrate Judge Ross Walters filed a detailed Report and Recommendation  recommending that the motions be denied because they were seeking to reopen to present proof on new claims long after the original claims had  been decided.  ECF No. 506.

In his Report and Recommendation, Judge Walters specifically rejected consideration of the allegations that the current conditions in cellblocks 219 and 319 at the Iowa State Penitentiary were violative of the Plan.  The request for relief, considered as a motion to re-open or a motion for contempt, therefore was denied.   In addition, Judge Walters denied the request for preliminary relief, noting that for the reasons set forth in his report and recommendation "any challenge to the conditions in Cellhouse 319 as they currently exist must be the subject of a separate action."  ECF No. 507.

As Judge Walters found, "It  would not..be an appropriate use of discretion to  re-open

this long-dormant case to litigate additional claims or generally survey defendants' compliance with the Plan."    Hays fails to provide a sufficient basis for re-opening this case.   If  Hays believes his  constitutional rights are being violated within the prison, he may consider filing a new action pursuant to  42 U.S.C. § 1983  as a means of redress.

The Motion for Temporary Restraining Order[1] and a Permanent Injunction (ECF No. 550)  is **denied**.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2012.

RONALD E. LONGSTAFF, Senior Judge
United States District Court

---

[1]Although Hays requests a temporary restraining order, he does not clearly allege facts demonstrating that immediate or irreparable injury is imminent.  See, Fed.R.Civ.P. 65(b).